**In the Interest of K.B., Respondent,**

**v.**

**MISSOURI DIVISION OF FAMILY SERVICES, Appellant.**

**No. 47673.**

Missouri Court of Appeals, Eastern District, Division Three.

June 19, 1984.

Melody Ann Emmert, Public Counsel, Jefferson City, for appellant.

Donald Becherer, St. Louis, for respondent.

on April 4, 1981, during a hearing for sanctions for failure to appeal for a physical examination.

CRANDALL, Judge.

The Missouri Division of Family Services, appellant herein, appeals from a judgment of the Juvenile Division of the Circuit Court of the City of St. Louis, which denied appellant's motion to be relieved of legal custody of the juvenile, K.B., and ordered his placement in the Niles Children's Home located in Kansas City, Missouri. We affirm.

This action was initiated by a Motion to Modify the Previous Order of Commitment in which appellant sought to be relieved of the care, custody, and control of the juvenile, K.B. In support of its motion, appellant claimed that it lacked adequate funds to place the juvenile in an appropriate facility. A witness for appellant, however, testified at the evidentiary hearing that the Niles home, a facility appropriate to the child's needs, was willing to accept his physical custody. The witness also testified that while all of the bed space contracted for by appellant with that facility was occupied, it had other noncontractual bed space available, and that appellant possessed discretionary funds from which payment for that bed space could be made. Following the evidentiary hearing, the court denied appellant's motion and ordered transfer of the child to the Niles Children's Home.

Appellant contends that the court exceeded its authority in ordering such continued custody and placement of K.B. Appellant relies on the provisions of § 207.020.1, RSMo (Supp.1983), which reads in part:

In addition to the powers, duties and functions vested in the division of family services by other provisions of this chapter or by other laws of this state, the division of family services shall have the power:

    \*    \*    \*    \*    \*    \*

(17) To accept for social services and care, homeless, dependent or neglected children in all counties where legal custody is vested in the division of family services by the juvenile court where the juvenile court has acquired jurisdiction pursuant to subdivision (1) or (2) of subsection 1 of section 211.031 RSMo; *provided that prior to* legal custody being vested in the division of family services, the division of family services shall notify the juvenile court in writing that it has adequate facilities and appropriated funds available to care for said child or children, and the cost of care shall be paid by the division of family services. The term 'care' shall include room, board, clothing, medical care, dental care, social services and incidentals . . . . (Emphasis added.)

Appellant argues that the words "provided that" are essential to proper interpretation of the statute, so that the court could not order continued custody where appellant has shown that it lacked adequate funds for the care and placement of K.B. We disagree.

The use of the term "prior to" indicates that the statute in question applies only to situations in which legal custody of the child has not yet vested in appellant. Where, as in the present case, appellant has already obtained legal custody of the child, no statutory authority exists for appellant to relieve itself of that custody.

Furthermore, the juvenile court did not exceed its authority in ordering the child placed in the Niles Home. The function or purpose of the court as defined in § 211.011, RSMo (1978) is, "[t]o facilitate the care, protection and discipline of children who come within [its jurisdiction]." Testimony given at the evidentiary hearing established that the Niles Children's Home was the only available facility capable of providing for K.B.'s special needs. In ordering the juvenile, K.B., placed in the Niles Home, the court was simply fulfilling its duty to facilitate the care, protection and discipline of a child within its jurisdiction.

The judgment is affirmed.

KAROHL, P.J., and REINHARD, J., concur.